IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE RAMIREZ TORRES, | No. CIV S-09-0531-MCE-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| JOHN HAVILLAND, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding with appointed counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

/ / /

---

[1] This case is before the court on remand from the Ninth Circuit Court of Appeals. On October 18, 2011, the Ninth Circuit issued an unpublished memorandum disposition citing Brown v. Roe, 279 F.3d 742 (9th Cir. 2002), and reversing this court's summary dismissal of the petition as untimely because the court failed to clearly indicate whether it had exercised discretion to consider an equitable tolling argument raised by petitioner for the first time in his objections to findings and recommendations. The Ninth Circuit remanded the case, apparently for the purpose of allowing the court to clearly exercise discretion with respect to consideration of the equitable tolling argument. The Ninth Circuit appointed counsel on appeal and directed that such appoint would continue on remand.

1

1    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary
2  dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any
3  exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the
4  instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, habeas
5  relief is not available because the petition is untimely.[2] Federal habeas corpus petitions must be
6  filed within one year from the later of: (1) the date the state court judgment became final; (2) the
7  date on which an impediment to filing created by state action is removed; (3) the date on which a
8  constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date
9  on which the factual predicate of the claim could have been discovered through the exercise of
10 due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run
11 when the state court judgment becomes final by the conclusion of direct review or expiration of
12 the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

13   Where a petition for review by the California Supreme Court is filed and no
14 petition for certiorari is filed in the United States Supreme Court, the one-year limitations period
15 begins running the day after expiration of the 90-day time within which to seek review by the
16 U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no
17 petition for review by the California Supreme Court is filed, the conviction becomes final 40
18 days following the Court of Appeal's decision, and the limitations period begins running the
19 following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the
20 Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the
21 state trial court, and the limitations period begins running the following day. If the conviction
22 became final before April 24, 1996 – the effective date of the statute of limitations – the one-year

---

[2] The United States Supreme Court has ruled that "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (concluding that district court may sua sponte consider the statute of limitations as long as the petitioner has notice and an opportunity to be heard before the petition is dismissed as untimely).

1  period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187

2  F.3d 1104, 1105 (9th Cir. 1999).

3        Upon review of the instant petition, it is obvious that it is untimely.  Petitioner

4  states that he is challenging an April 1, 2004, conviction and sentence.  According to petitioner,

5  he filed a direct appeal in the California Court of Appeal, and a petition for review in the

6  California Supreme Court.  Petitioner states that the California Supreme Court denied review on

7  May 10, 2006.  Petitioner did not seek certiorari from the United States Supreme Court and he

8  did not file any state post-conviction actions.  The one-year limitations period began to run the

9  day after expiration of the 90-day period to seek certiorari following denial of direct review by

10 the California Supreme Court.  Here, direct review was denied by the California Supreme Court

11 on May 10, 2006.  Thus, the limitations period began to run on August 9, 2006.  Because

12 petitioner did not file any post-conviction actions in state court, there is no statutory tolling and

13 the one-year limitations period ended on August 9, 2007.  The instant petition was filed in 2009

14 and is, therefore, late.

15       Based on the foregoing, petitioner is required to show cause in writing, within 30

16 days of the date of this order, why his petition for a writ of habeas corpus should not be

17 summarily dismissed as untimely.  Petitioner is warned that failure to respond to this order may

18 result in dismissal of the petition for the reasons outlined above, as well as for failure to

19 prosecute and comply with court rules and orders.  See Local Rule 110.

20       IT IS SO ORDERED.

22  DATED:  November 21, 2011

24                                               CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE