IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RAMIREZ TORRES,

    Petitioner,

    vs.

MARION SPEARMAN, Warden,[1]

    Respondent.

No. 2:09-cv-0531 MCE AC P

ORDER &

FINDINGS AND RECOMMENDATIONS

    Petitioner is a state prisoner now proceeding with appointed counsel on a petition pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2004 conviction for attempted first degree murder, corporal injury to a spouse, and willful harm to a child, for which he is serving a life term. Pending before the court is respondent's motion to dismiss. ECF No. 58.

## BACKGROUND

    The instant petition was filed in pro se on February 24, 2009. Thereafter, the petition was sua sponte dismissed as untimely, petitioner's motion for a stay pending exhaustion was denied as moot, and judgment was entered for respondent. ECF No. 19. Petitioner

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Marion Spearman is substituted for John Havilland as respondent in this case. See ECF No. 58 n. 1.

1

appealed, and the Ninth Circuit reversed and remanded. The mandate issued on October 18, 2011. Counsel had been appointed for the first time on appeal, and the court of appeal ordered that the appointment would continue on remand. ECF No. 38. The appellate Order cited <u>Brown v. Roe</u>, 279 F.3d 742 (9th Cir. 2002), which involved a remand "for consideration of [petitioner's] equitable tolling claim and appropriate development of the record." <u>Id.</u>

On remand, Magistrate Judge Kellison issued an order directing petitioner to show cause why the petition should not be summarily dismissed as untimely. ECF No. 39. Upon consideration of petitioner's response, Judge Kellison ordered further briefing on the equitable tolling issue. ECF No. 49. Respondent filed a motion to dismiss on November 26, 2012. ECF No. 58. This action was reassigned to the undersigned on November 28, 2012. ECF No. 59. Petitioner filed an opposition to the pending motion on January 29, 2013. ECF No. 63. Petitioner's reply was filed on March 21, 2013. ECF No. 68.

## MOTION TO DISMISS

Respondent moves for dismissal on the independent grounds of untimeliness and non-exhaustion. In light of the remand order, both the previously-assigned magistrate judge and the parties have focused primarily on the timeliness and equitable tolling issues. However, the court need not decide whether to apply equitable tolling if there are no exhausted claims before the court. Because a fully unexhausted petition must be dismissed whether or not it is timely, see <u>Jimenez v. Rice</u>, 276 F.3d 478, 481 (1981), the undersigned addresses exhaustion as the threshold issue.

### Failure to Exhaust

It is axiomatic that petitioner can proceed in this court only upon exhausted claims. Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion may not be implied or inferred. The United States Supreme Court has held that a federal district court may

1  not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with
2  respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A petitioner satisfies
3  the exhaustion requirement by providing the highest state court with a full and fair opportunity to
4  consider all claims before presenting them to the federal court.  O'Sullivan v. Boerckel, 526 U.S.
5  838, 844-45 (1999) (citing Picard v. Connor, 404 U.S. 270, 275-276 (1971)); Ybarra v.
6  McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 132 S. Ct. 1904 (2012); Middleton v.
7  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8        Respondent provides the petition for review that was filed in the California
9  Supreme Court as part of petitioner's direct appeal.  Lodg. Doc. 3.  That petition presented two
10  issues: (1) a challenge to the admission of prior domestic violence evidence at trial, and (2) a
11  challenge to the sufficiency of the evidence supporting petitioner's conviction for attempted
12  willful, deliberate, premeditated murder.  These claims are not included in the federal petition.
13  The habeas petition before this court presents four grounds for relief: (1) ineffective assistance of
14  trial counsel, (2) ineffective assistance of appellate counsel, (3) actual innocence, and (4)
15  cumulative error.  ECF No. 1 at 5-18.  Respondent represents that these claims have never been
16  presented to the California Supreme Court.

17        In opposition to the motion to dismiss, petitioner does not contest the
18  representation that all the claims of his federal petition are unexhausted.  He merely urges the
19  court to rule on the motion for a stay that was filed in pro per in 2009, which he contends
20  remains pending in light of the Ninth Circuit's summary reversal of the previous judgment.  ECF
21  No. 63 at 14.  Petitioner provides no argument or authority regarding the availability or propriety
22  of a stay, and fails to address the fundamental obstacle to a stay in this case: the fact that the
23  petition before the court does not contain *any* exhausted claims.

24        A district court may, in limited circumstances, stay a "mixed" petition containing
25  both exhausted and unexhausted claims, to permit exhaustion of the unexhausted claims.  Rhines
26  v. Weber. 544 U.S. 269 (2005).  The court may also stay a petition setting forth only exhausted

1 claims, to permit exhaustion of additional claims with the intention that they will be added by
2 amendment following exhaustion.  <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) (citing <u>Kelly v.
3 Small</u>, 315 F.3d 1063 (9th Cir. 2003)).[2]  What the court cannot do is stay a wholly unexhausted
4 petition.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991) (petition should be dismissed
5 where the prisoner has failed to exhaust the available state remedies as to any of his federal
6 claims); <u>Jimenez</u>, 276 F.3d at 481  (district court obliged to dismiss when petition contains no
7 exhausted claims).  It is irrelevant to the analysis that petitioner may have exhausted other claims
8 on direct appeal that were omitted from the federal petition.  <u>Raspberry v. Garcia</u>, 448 F.3d 1150,
9 1154 (9th Cir. 2006) (<u>Rhines</u> stays not available where federal petition includes only
10 unexhausted claims, even where exhausted claims exist and could have been included).  This
11 court accordingly lacks authority to issue a stay, and is obliged to dismiss the petition in its
12 entirety.  Because there are no exhausted claims on which to proceed, the court need not reach
13 the timeliness issue and further proceedings on equitable tolling are unnecessary.

14 Accordingly, IT IS ORDERED that the Clerk of the Court substitute Marion
15 Spearman in place of John Havilland as respondent in the docket of this case.

16 IT IS RECOMMENDED that respondent's motion to dismiss (ECF No. 58) be
17 granted on grounds of non-exhaustion, the petition be dismissed without prejudice, and this case
18 be closed.

19 If petitioner files objections, he shall also address if a certificate of appealability
20 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
21 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
22 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
23 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

---

[2] The <u>Kelly</u> approach is riskier for petitioners in that the timeliness of the new claims will depend on whether they relate back to the original, timely filed claims.  <u>King</u>, 315 F.3d at 1142 (<u>Mayle v. Felix</u>, 454 U.S. 644 (2005)).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
torr0531.osc